**SINGER CASHMAN LLP**
  Benjamin L. Singer (SBN 264295)
  bsinger@singercashman.com
  Evan N. Budaj (SBN 271213)
  ebudaj@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, CA  94111
Telephone:  (415) 500-6080
Facsimile:   (415) 500-6080
*Attorneys for Defendants Salient Motion*
*Inc., Aidan Jenkins, and Vishaal Mali*

**BURKE, WILLIAMS & SORENSON LLP**
  Albert Tong (SBN 208439)
  atong@bwslaw.com
  Craig A. Kisylia (SBN 325702)
  ckisylia@bwslaw.com
1999 Harrison St., Ste. 1650
Oakland, CA 94612
Telephone: (510) 273-8780
Facsimile: (510) 839-9104
*Attorney for Defendant Kai Yin*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDURIL INDUSTRIES, LLC, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SALIENT MOTION INC., a Delaware corporation, KAI YIN, an individual, AIDAN JENKINS, an individual, and VISHAAL MALI, an individual,<br><br>Defendants. | CASE NO. 8:23-CV-1650-JVS-KES<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**<br><br>Hearing Date:  January 29, 2024<br>Hearing Time:  1:30 p.m.<br>Courtroom:  Courtroom 10C<br><br>Trial: None Set<br><br>Hon. James V. Selna |

## **TABLE OF CONTENTS**

I. INTRODUCTION. ........................................................................................................ 1

II. LEGAL STANDARD. ................................................................................................. 2

III. ARGUMENT. .............................................................................................................. 3

   A. Claims 1-3 (Trade Secret Misappropriation) Must Be Dismissed. .................. 3

   B. Claim 4 (Breach Of The Employment Agreements) Must Be Dismissed......... 7

   C. Claim 5 (Breach Of The PIIA) Must Be Dismissed. ....................................... 9

   D. Claim 7 (Breach Of Duty Of Loyalty) Must Be Dismissed. ........................... 9

   E. Claims 12-13 (DMCA) Must Be Dismissed.................................................... 10

   F. Claims 14-15 (Conversion) Must Be Dismissed. ........................................... 11

   G. Claim 16 (Declaratory Judgment) Must Be Dismissed. ................................. 12

IV. CONCLUSION. .......................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Acrisure of Cal., LLC v. SoCal Commercial Ins. Servs.*,
 2019 WL 4137618 (C.D. Cal. Mar. 27, 2019)........................................................3, 5

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
 988 F.2d 1157 (Fed.Cir.1993) ...........................................................................3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)
 ..................................................................................................................passim

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................passim

*Blackbird Tecnhologies, Inc. v. Joshi*,
 2015 WL 5818067 (N.D. Cal. Oct. 6, 2015) ...............................................9

*Conservation Force v. Salazar*,
 646 F.3d 1240 (9th Cir. 2011) .....................................................................3

*Diodes, Inc. v. Franzen*,
 260 Cal. App. 2d 244 (Cal. App. 1968)....................................................4, 5

*Emazing Lights LLC v. De Oca*,
 2016 WL 3658945 (C.D. Cal. Jan. 7, 2016) ................................................4

*Erickson v. Pardus*,
 551 U.S. 89 (2007)........................................................................................2

*Foresberg v. Fidelity Nat. Credit Services, Ltd.*,
 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004)...............................................3

*Human Longevity, Inc. v. J. Craig Venter Inst.*,
 2018 WL 6617633 (S.D. Cal. Dec. 18, 2018) ...........................................4, 5

*In re Gilead Scis. Sec. Litig.*,
 536 F.3d 1049 (9th Cir. 2008) ......................................................................3

*Invisible Dot, Inc. v. DeDecker*,
 2019 WL 1718621 (C.D. Cal. Feb. 6, 2019) ................................................4

*Loop AI Labs Inc. v. Gatti*,
 195 F. Supp. 3d 1107 (N.D. Cal. July 6, 2016) ...........................................5

*Mamou v. Trendwest Resorts, Inc.*,
 165 Cal. App. 4th 686 (2008) .......................................................................9

*MDY Indus., LLC v. Blizzard Ent., Inc.*,
 629 F.3d 928 (9th Cir. 2010) ......................................................................10

*Navigation Holdings, LLC v. Molavi*,
 445 F. Supp. 3d 69 (N.D. Cal. 2020)........................................................6, 7

*Neitzke v. Williams*,
  490 U.S. 319 (1989)............................................................................................3

*Pellerin v. Honeywell Int'l*,
  877 F. Supp. 2d 983 (S.D. Cal. 2012)................................................................4

*Physician's Surrogacy, Inc. v. German*,
  2018 WL 638229 (S.D. Cal. Jan. 31, 2018) ..................................................6, 7

*Space Data Corp. v. X*,
  2017 WL 5013363 (N.D. Cal. Feb. 16, 2017) ....................................................4

*Synopsis v. Atoptech, Inc.*,
  2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .................................................4, 5

*Total Recall Techs. v. Luckey*,
  2016 WL 199796 (N.D. Cal. Jan. 16, 2016).................................................11, 12

## Statutes

17 U.S.C. § 1201(a) ...............................................................................................10

Labor Code § 2870.............................................................................................8, 12

## Other Authorities

19 Williston on Contracts § 54:27 (4th ed. 2008) ...................................................9

## Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 2, 12

Fed. R. Civ. P. 8(a) ..................................................................................................3

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Salient Motion Inc. ("Salient"), Aidan Jenkins ("Mr. Jenkins"), Vishaal Mali ("Mr. Mali"), and Kai Yin ("Mr. Yin") (collectively, "Defendants") hereby move to dismiss the Complaint [Dkt. No. 1] filed by Plaintiff Anduril Industries, LLC ("Plaintiff" or "Anduril") in this action. Pursuant to this Court's Initial Order, at Paragraph J, the Complaint is attached hereto as Exhibit 1 ("Compl.").

## I.    INTRODUCTION.[1]

The Complaint tells the tall tale of a rogue employee spending his days writing code at Anduril and his nights secretly writing a second better version of that code for his own use. As set forth in Salient's contemporaneously filed Counterclaims, that story is simply not true. As a result, the Complaint is unsurprisingly light on the specifics, while offering only vague and obtuse allegations. Worse still, the Complaint attempts to distract from the poor quality of its claims through their overwhelming quantity. Anduril has asserted sixteen different causes of action, most of which are brought against some or all of four separate defendants (39 separate claims in all), but the Complaint consistently fails to provide the specificity required under well-established law.

Anduril's trade secret claims must be dismissed because they do not identify the allegedly misappropriated trade secrets with sufficient particularity. Anduril's other claims addressed herein fail as well. As detailed below, in addition to asserting claims so vaguely alleged that they fail the pleading standard, the Complaint asserts breach claims (contract and duty of loyalty) that rest on conduct that is legally protected under California law; DMCA claims that lack any relation to conduct prohibited by the DMCA; and conversion claims preempted by CUTSA. In its declaratory judgment claim (and throughout the Complaint), Anduril alleges that the "Anduril Code" and '916 Application belong to it while factually addressing—at best—only a small subset

---

[1] Capitalized terms used but not defined herein refer to those same terms as defined in the Complaint.

of the information in either category.  In sum, Anduril's Complaint does not assert the facts necessary to support its myriad legal accusations.

Permitting Anduril's vague and unsupported claims to proceed would unnecessarily waste judicial and party resources and unduly prejudice Defendants. The Court should therefore dismiss Anduril's Complaint to the extent set forth herein; or, in the alternative, require Anduril to amend the Complaint to set forth the facts necessary to support its claims.

## II.    LEGAL STANDARD.[2]

If a complaint fails to satisfy Rule 8's requirement that the pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), it "must be dismissed" under Rule 12(b)(6) for failing to state a claim upon with relief can be granted, *Twombly*, 550 U.S. at 570.  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.*

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor does a complaint that "pleads facts that are merely consistent with a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).  Instead, the well-pled facts must "permit the court to infer more than the mere possibility of

---

[2] Emphasis added; and citations, internal quotation marks, and alterations omitted; throughout except as otherwise noted.

misconduct" and "show[ ]that the pleader is entitled to relief." *Id.* at 679 (quoting FRCP 8(a)(2)).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). The Court accepts as true all well-pled factual allegations but does not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

"Rule 12(b)(6)'s purpose is 'to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity.'" *Foresberg v. Fidelity Nat. Credit Services, Ltd.*, 2004 WL 3510771, at *1 (S.D. Cal. Feb. 26, 2004) (quoting *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) ("Th[e] procedure [of Rule 12(b)(6)], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding.").

## III.   ARGUMENT.

### A. <u>Claims 1-3 (Trade Secret Misappropriation) Must Be Dismissed.</u>

Anduril's claims for trade secret misappropriation fail to state a claim upon which relief can be granted for two independent reasons.

*First*, the misappropriation claims fail to state a claim upon which relief can be granted because they do not identify the trade secrets at issue with any particularity at all—let alone "sufficient particularity" under controlling law. California Federal courts require that a plaintiff identify its trade secrets in its Complaint with reasonable particularity in order to state a claim for misappropriation. *See Acrisure of Cal., LLC v. SoCal Commercial Ins. Servs.*, 2019 WL 4137618, at *3 (C.D. Cal. Mar. 27, 2019);

*Invisible Dot, Inc. v. DeDecker*, 2019 WL 1718621, at *4 (C.D. Cal. Feb. 6, 2019); *Human Longevity, Inc. v. J. Craig Venter Inst.*, 2018 WL 6617633, at *4 (S.D. Cal. Dec. 18, 2018); *Space Data Corp. v. X*, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017); *Emazing Lights LLC v. De Oca*, 2016 WL 3658945, at *2 (C.D. Cal. Jan. 7, 2016); *Synopsis v. Atoptech, Inc.*, 2013 WL 5770542, at *6 (N.D. Cal. Oct. 24, 2013); *Pellerin v. Honeywell Int'l*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012).  State and federal courts have repeatedly explained the reasoning for this rule:

> Before a defendant is compelled to respond to a complaint based upon claimed misappropriation or misuse of a trade secret and to embark on discovery which may be both prolonged and expensive, the complainant should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.

*Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 253 (1968) (quoted with approval in *Pellerin*, 877 F. Supp. 2d at 988, in *Invisible Dot*, 2019 WL 1718621, at *4, and in *Synopsys*, 2013 WL 5770542, at *5).[3]  The complaint therefore "must identify the trade secret with sufficient particularity to give defendants 'reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery." *Synopsis*, 2013 WL 5770542, at *5 (quoting *Diodes*, 260 Cal. App. 2d at 252-53).

Applying the *Diodes* standard, courts have routinely dismissed complaints that merely provide a vague and sweeping laundry list of the types of documents and things that a plaintiff contends include its trade secrets.  For example, in *Invisible Dot*, the court dismissed a complaint that identified the trade secrets as "research, business plans, product plans, products, services, customer lists and customers … market research, works of original authorship, intellectual property … photographs, negatives,

---

[3] As noted in *Pellerin*, the *Diodes* decision has been "widely adopted by federal courts."  877 F. Supp. 2d at 988.

digital images, software, computer programs, ideas, developments, inventions." 2019 WL 1718621, at *5. Similarly, in *Synopsis*, the court dismissed a complaint that described the alleged trade secrets as "proprietary input and output formats, scripts, and technical product documentation." 2013 WL 5770542, at *6. Again, in *Human Longevity*, the court dismissed a complaint that identified the trade secrets as "detailed proprietary data that [Plaintiff] collected from its network of more than 15,000 cars, which provided valuable insight into vehicle operation and usage; testing data for [Plaintiff's] applications; software and testing data related to autopiloted cars developed by [Plaintiff] and subsets of the data set usable for work on autopilot technology; [Plaintiff's] software developed to work with vehicle autopilot technology; [Plaintiff's] strategic business plans; and the R&D work being done ... for [Plaintiff]." 2018 WL 6617633, at *4.

Simply put, "allegations of broad categories relating to business or technology are not adequate to support a trade secrets claim." *Id.* Similarly, "identifying documents alone would not be an adequate substitution for detailed identification of the trade secrets therein." *Id.* at *5 (quoting *Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1116 (N.D. Cal. July 6, 2016)). A complaint must identify the alleged trade secrets, not merely the types of documents that may contain those secrets; otherwise, the complaint "does not plead with sufficient specificity to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Acrisure*, 2019 WL 4137618, at *3 (quoting *Twombly*, 550 U.S. at 555).

Anduril's Complaint does not even rise to the level of pleading found insufficient in the above cases. The Complaint identifies two categories of alleged trade secrets, "Anduril Code" and "other trade secrets," *see* Compl. ¶¶ 75, 87, 99—and neither is sufficient to identify Anduril's alleged trade secrets. As to "other trade secrets," there is truly not much to be said, as the Complaint contains not even a hint as to what those alleged trade secrets might be.

The allegations as to "Anduril Code" fare no better. The Complaint defines "Anduril Code" as "collectively all code developed by Yin during his time at Anduril." Compl. ¶ 31. It later identifies two alleged subsets of the Anduril Code—the "Secret Optimized Code" and "Substandard Day Job Code"—but nowhere either (1) asserts that those are the **only** two subsets of the Anduril Code; or (2) describes any other subset thereof. Accordingly, Anduril apparently alleges that any software code Mr. Yin wrote during the time he was employed at Anduril—whether related to his job or not, whether on Anduril's time or using Anduril's equipment or not, whether it bears any relation to Anduril's business or not, and whether it meets the requirements for trade secret protection or not—is "a trade secret owned by Anduril." Compl. ¶ 72. That conclusory statement neither qualifies as a well-pled fact under *Iqbal* and *Twombly* nor suffices to allow Defendants (or the Court) to understand what Anduril actually claims as its trade secrets.[4] Because Claims 1-3 fail to sufficiently identify the trade secrets at issue, they must be dismissed.

*Second*, notwithstanding the above, the misappropriation claims are insufficiently pled as to Mr. Jenkins and Mr. Mali. A plaintiff pleading misappropriation against a group of defendants "must [] plead distinct facts as to each defendant that would give rise to trade secret misappropriation." *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 80 (N.D. Cal. 2020). The Complaint must include allegations "differentiating what each specific Defendant is alleged to have done." *Id.* at 79. A mere allegation that each defendant has taken or used the plaintiff's trade secrets "is a legal conclusion couched as a factual allegation that does not meet Plaintiff's burden of pleading." *Physician's Surrogacy, Inc. v. German*, 2018 WL 638229, at *8 (S.D. Cal. Jan. 31, 2018).

---

[4] Even if "Anduril Code" were re-defined to be limited to just the so-called "Secret Optimized Code" and "Substandard Day Job Code," the Complaint still does not provide sufficient explanation of what the Anduril Code is, what portions contain Anduril's alleged trade secrets, and what those trade secrets are. *See* Compl. ¶¶ 33-37.

As to Mr. Jenkins and Mr. Mali, the misappropriation claims make only the conclusory allegation that "Employee Defendants misappropriated Anduril's trade secrets by, among other things, transferring Anduril Code and other trade secrets to Salient." Compl. ¶¶ 75, 87, 99. But nowhere does the Complaint (even when each allegation therein is taken as true) plead facts demonstrating that Mr. Jenkins or Mr. Mali transferred any Anduril code, trade secrets, or any other Anduril information whatsoever to Salient. At best, the Complaint pleads that **Mr. Yin alone** "created the Secret Optimized Code and provided it to Salient."[5] Compl. ¶ 69. Because the misappropriation claims do not allege, as to Mr. Jenkins and Mr. Mali, "enough facts to state a claim to relief that is plausible on its face," they must be dismissed. *Twombly*, 550 U.S. at 570; *see Navigation Holdings*, 445 F. Supp. 3d at 80; *see Physician's Surrogacy*, 2018 WL 638229, at *8.

## B. Claim 4 (Breach of the Employment Agreements) Must Be Dismissed.

The Complaint alleges that Messrs. Jenkins, Mali, and Yin breached their Employment Agreements by (1) "steal[ing] the Anduril Code," Compl. ¶ 110; (2) as to Mr. Yin, filing the '545 Application and '916 Application in his own name, *id.* ¶ 112; and (3) taking steps to set up Salient while still Anduril employees, *id.* ¶ 110. None of these allegations states a claim upon which relief can be granted.

Claim 4 suffers the same pleading deficiency as identified above with respect to "Anduril Code." When Anduril pleads that Defendants "planned to and did steal the Anduril Code," is it referring to the Substandard Day Job Code? The Secret Optimized Code? Entirely unrelated code that Mr. Yin might have written that has nothing to do with Anduril or its business? Without knowing the answer to these questions, Defendants (and the Court) are left without even notice as to what Anduril's claims are, let alone a plausible pleading that passes muster under *Iqbal* and *Twombly*. Even according to Anduril (and its employment agreements), Anduril does not own all code

---

[5] That is false, as addressed more fully in Salient's contemporaneously filed Counterclaims.

its employees write at any time while they are employed by Anduril, but rather only code "made or conceived or reduced to practice, in whole or in part, by [its employees] during the term of [their] employment with [Anduril] to and only to the fullest extent allowed by California Labor Code Section 2870." Compl. ¶ 29 (quoting "Anduril's standard Proprietary Information and Inventions Agreement" ("PIIA")). Anduril has not even pled sufficient facts to prove that the "Anduril Code" falls within the letter of its PIIA, let alone that it is not exempted by Labor Code Section 2870. Absent such pleading, Claim 4 must be dismissed.

Claim 4 also suffers a similar defect with respect to the '916 Application. While the Complaint pleads that Mr. Yin made changes to his U.S. Patent Office filings during his employment at Anduril, *see* Compl. ¶ 44, it does not anywhere plead facts sufficient to show that Mr. Yin "made or conceived or reduced to practice, in whole or in part," the inventions described by and/or claimed in the '916 Application during his time at Anduril.[6] Because the well-pled facts of the Complaint do not demonstrate that Anduril is entitled to relief, its breach of contract claims must be dismissed for this reason as well.

Finally, Claim 4's allegations regarding Defendants' efforts to start up Salient necessarily fail, as those efforts are protected under California law. The Complaint alleges that certain of Defendants' actions in setting up Salient while still employed at Anduril violate a contractual agreement that Defendants not "engage in any other employment, consulting or other business activity that would create a conflict of interest with Anduril." Compl. ¶ 110. That contractual obligation is, in essence, a recitation of the duty of loyalty California employees owe their employers: "The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer." *Blackbird Tecnhologies, Inc. v. Joshi*, 2015 WL 5818067, at *4 (N.D. Cal.

---

[6] And even if it had, it also does not plead facts sufficient to show that such hypothetical inventions would not be exempted by Labor Code § 2870.

Oct. 6, 2015).  But "[a]n employee does not breach his duty of loyalty by preparing to compete with his employer," including "without revealing their plans to their employer."  *Mamou v. Trendwest Resorts, Inc.*, 165 Cal. App. 4th 686, 719 (2008).  "This principle has been specifically applied to hold that an employee's mere formation of a potentially competing corporation does not breach a duty to his employer."  *Mamou*, 165 Cal. App. 4th at 719.

Here, the Complaint does not properly allege that any of Defendants' actions in preparing to compete with Anduril created "a conflict of interest with Anduril." Compl. ¶ 110.  Aside from the pleading related to "Anduril Code," discussed above, the Complaint alleges only that Defendants "sought or assisted in the seeking of investment for Salient while they were Anduril employees, created the Salient website, created Salient, allowed themselves to be held out as Salient employees while they were Anduril employees, and encouraged each other to leave Anduril for Salient."  *Id.* All this activity is protected under California law as preparing to compete.  Claim 4 must be dismissed for this reason as well.

### C. <u>Claim 5 (Breach of the PIIA) Must Be Dismissed.</u>

The Complaint alleges that Messrs. Jenkins, Mali, and Yin breached their PIIAs by (1) "steal[ing] the Anduril Code" and disclosing it to Salient, Compl. ¶¶ 119, 121; (2) as to Mr. Yin, filing the '545 Application and '916 Application in his own name, *id.* ¶ 123; and (3) taking steps to set up Salient while still Anduril employees, *id.* ¶ 120-121.  None of these allegations states a claim upon which relief can be granted for precisely the same reasons as set forth above with respect to claim 4.  *See* Section III.B, *supra*.  Claim 5 must therefore be dismissed.

### D. <u>Claim 7 (Breach of Duty of Loyalty) Must Be Dismissed.</u>

As discussed above, California law provides that "[a]n employee does not breach his duty of loyalty by preparing to compete with his employer."  *Mamou*, 165 Cal. App. 4th at 719; *see* Section III.B, *supra*.  Claim 7 alleges a breach of the duty of loyalty based on substantially the same preparing-to-compete activities as set forth in

claim 4.  *See* Compl. ¶¶ 110, 136.  For all the same reasons set forth in Section III.B with respect to preparing to compete, Claim 7 must be dismissed as well.

### E. **Claims 12-13 (DMCA) Must Be Dismissed.**

The DMCA claims must be dismissed for three reasons.

*First*, Anduril admits—as it must—that, in order to make out a claim for DMCA violation, it must show Defendants "circumvent[ed] a technological measure that effectively controls access to a work protected under this title."  17 U.S.C. § 1201(a)(1); *see* Compl. ¶ 174.  The DMCA itself defines those terms:

> (3) As used in this subsection—
> (A) to "circumvent a technological measure" means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner; and
> (B) a technological measure "effectively controls access to a work" if the measure, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work.

17 U.S.C. § 1201(a)(3).  Here, however, the Complaint merely pleads that Mr. Yin wrote certain code at home, on his personal computer, and then used that code for non-Anduril purposes.  Compl. ¶ 37.  The Complaint pleads no facts establishing the existence of a "technological measure" that "effectively controls access to a work" on Mr. Yin's personal computer; nor does it plead that Mr. Yin accessed any "work" that Anduril attempted to prevent him to access via such a "technological measure."  While Anduril does plead that it controls access to its own source code, Mr. Yin's independent development of his own code entirely outside of Anduril's source code environment cannot represent the "circumvent[ion] of a technological measure" that "effectively controls access to a work."  *See MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 947 (9th Cir. 2010) (quoting the House Judiciary Committee as explaining that "[t]he act of circumventing a technological protection measure put in place by a copyright owner to control access to a copyrighted work is the electronic

equivalent of breaking into a locked room in order to obtain a copy of a book."). Anduril's nonsensical DMCA claims must be dismissed.

*Second*, notwithstanding the above, the DMCA claims are insufficiently pled as to Mr. Jenkins and Mr. Mali. As to those defendants, Anduril pleads only that "Salient and/or its promoters (i.e., Employee Defendants) encouraged Yin's circumvention so that they would benefit by receiving access to Anduril Code without detection. For example, Salient offered Yin employment and the Employee Defendants created Salient and sought investment for Salient to be able to profit from Yin's violation of DMCA." Compl. ¶ 184. Such legal conclusion, unsupported by well-pled facts of any kind, does not pass muster under *Iqbal* and *Twombly*.

*Third*, the DMCA claims are also insufficiently pled as to Salient. The Complaint does not allege that Salient took any prohibited actions here whatsoever, pleading only the legal conclusion that "Yin was acting as Salient's agent and/or a Salient promoter when he circumvented Anduril's technological measures to control access to its source code." Compl. ¶ 175. Again, this legal conclusion, absent any well-pled facts to support it, cannot suffice to state a claim upon which relief can be granted.

### F. **Claims 14-15 (Conversion) Must Be Dismissed.**

"CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies based upon misappropriation of a trade secret. Although CUTSA does not supersede contractual remedies, it supersedes claims based on the same nucleus of facts as the misappropriation of trade secrets claim for relief. This includes information that does not fit the definition of a trade secret, and is not made property by some provision of positive law … ." *Total Recall Techs. v. Luckey*, 2016 WL 199796, at *7 (N.D. Cal. Jan. 16, 2016). Here, Anduril pleads conversion of only information: "the Anduril Code and the '916 Application," as well as "other Inventions." Compl. ¶¶ 191-198. Just as in *Total Recall*, "to the extent [Anduril's] claims rely on the alleged misappropriation of Confidential

Information, any such claims are superseded by CUTSA." 2016 WL 199796, at *8. Thus, the conversion claims must be dismissed.

### G. Claim 16 (Declaratory Judgment) Must Be Dismissed.

Anduril's Declaratory Judgment claim seeking "Judgment of Ownership" must be dismissed because it fails to sufficiently allege what it is that Anduril claims to own. As explained above, even taking all well-pled facts in the Complaint as true, "Anduril Code" and the '916 Application necessarily include information of which Anduril does not and cannot by law claim ownership. *See* Section III.B, *supra*. Anduril's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to save claim 16 state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see* Compl. ¶¶ 219 ("The Anduril Code relates to Anduril's actual and demonstrably anticipated business and was within the scope of Yin's professional responsibilities at Anduril") (quoting language from Labor Code § 2870), 220 ("The Anduril Code was developed in whole or in part while Yin was an Anduril employee") (quoting language from Anduril's PIIA) 223 ("The '916 Application relates to Anduril's actual and demonstrably anticipated business and was within the scope of Yin's professional responsibilities at Anduril") (quoting language from Labor Code § 2870), 224 ("The '916 Application was developed in part while Yin was an Anduril employee") (quoting language from Anduril's PIIA). The Declaratory Judgment claim fails to state a claim upon which relief can be granted as to either Anduril Code or the '916 Application and must therefore be dismissed.

## IV.   CONCLUSION.

For all the foregoing reasons, the Court should dismiss Claims 1-5, 7, and 12-16 of the Complaint under FRCP 12(b)(6), pursuant to *Twombly*, 550 U.S. at 544, and *Iqbal*, 556 U.S. at 662.

*Signatures on following page.*

Date:  December 15, 2023          Respectfully submitted,

                                 SINGER CASHMAN LLP

                                 By:    /s/ Benjamin L. Singer
                                        Benjamin L. Singer
                                        Evan Budaj

                                 Attorneys for Defendants Salient Motion Inc.,
                                 Aidan Jenkins, and Vishaal Mali


Date:  December 15, 2023          Burke, Williams & Sorenson, LLP

                                 By:    /s/ Albert Tong
                                        Albert Tong
                                        Craig A. Kisylia

                                 Attorney for Defendant Kai Yin

### Attestation Regarding Signatures

Pursuant to Local Rule 5-4.3.4(a)(2), I, Benjamin L. Singer, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Date:  December 15, 2023              /s/ Benjamin L. Singer
                                      Benjamin L. Singer

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Salient, Mr. Jenkins, and Mr. Mali, certifies that this brief contains 4,098 words, which:


    X        complies with the word limit of L.R. 11-6.1.

_____        complies with the word limit set by court order dated [date].


Executed on December 15, 2023, at San Francisco, California.

                                      /s/ Benjamin L. Singer
                                      Benjamin L. Singer